1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**ANDERSON BANTA CLARKSON PLLC**
48 NORTH MACDONALD
MESA, ARIZONA  85201
TELEPHONE (480) 788-3053

Adam C. Anderson/024314
Attorney for **Plaintiff**

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

## PHOENIX DIVISION

**MATTHEW MAYBERRY**,

                        Plaintiff,

            vs.

**FEDERAL BOND COLLECTION
SERVICE, INC., d/b/a FBCS, INC.,**

                        Defendant,

Case No.:

**COMPLAINT AND
JURY DEMAND**

NOW COMES the plaintiff, MATTHEW MAYBERRY, by and through his

attorneys, ANDERSON BANTA CLARKSON, PLLC, and for his Complaint against the

defendant, FEDERAL BOND COLLECTION SERVICE, INC., d/b/a FBCS, INC., the

plaintiff states as follows:

### I.     PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair

Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

## II.   JURISDICTION & VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## III.   PARTIES

4.      MATTHEW MAYBERRY, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Phoenix, County of Maricopa, State of Arizona.

5.      The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Student Loan Express (hereinafter, "the Debt").

6.      The Debt was for a student loan, which was for the personal use of Plaintiff and/or used for household expenditure.

7.      Upon information and belief, FCDB NPSL 2010-1 purchased, acquired and/or otherwise obtained the Debt for the purpose of collection from Plaintiff.

8.      At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9.      FEDERAL BOND COLLECTION SERVICE, INC., d/b/a FBCS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Arizona.   Defendant's principal place of business is located in the State of Pennsylvania.   Defendant is incorporated in the State of Pennsylvania.

10.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11.     Upon information and belief, defendant was hired by FCDB NPSL 2010-1 to collect the Debt from Plaintiff.

12.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13.     During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

14.     At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

15.     At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.   ALLEGATIONS

16.     On or about January 30, 2016, Plaintiff received correspondence from Defendant that was sent by Defendant  in an attempt to collect the Debt from Plaintiff.

17.     The aforesaid correspondence was the initial communication with Plaintiff.

18.     In the aforesaid correspondence Defendant sent to Plaintiff, Defendant stated that the amount of the debt was $2,041.98.

19.     Defendant's representations, in its correspondence to Plaintiff as delineated above, were false, deceptive and misleading given that the amount of the debt was not, and could not be $2,041.98.

20.     At the time the debts were created, although the original creditor contract called for three disbursements of $467.00, $466.00 and $466.00, only the first two disbursements were actually made.

21.     The amount of money disbursed, given the agreed upon interest rates, could not have accumulated more than $2,000.00 interest from the time the loan became due and payable.

22.     Defendant's representations, in its correspondence to Plaintiff as delineated above, misrepresented the amount of the Debt.

23.     In the aforesaid correspondence sent to Plaintiff by Defendant, Plaintiff was informed "[u]nless, within 30 days after the receipt of this notice you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the creditor and by the Firm.  If you notify us in writing within said 30 days that the debt or any portion thereof is disputed, we will obtain verification of the debt, or obtain a copy of a judgment against you, and we will mail such verification to you. In addition, upon your written request within said 30 days, this Firm will provide the name and address of the original creditor if the original creditor is different from the current creditor."

24.     On or about January 30, 2016, Plaintiff sent a written correspondence to Defendant.

25.     Plaintiff's written correspondence to Defendant, dated January 30, 2016, as delineated in the preceding paragraph, was sent to Defendant within thirty (30) days of Plaintiff having received Defendant's correspondence.

26.     Defendant received Plaintiff's correspondence dated January 30, 2016.

27.     In the correspondence dated January 30, 2016, sent by Plaintiff to Defendant, Plaintiff stated that his correspondence was being sent in response to a letter received from Defendant.

28.     In the correspondence dated January 30, 2016, sent by Plaintiff to Defendant, Plaintiff stated that the Debt was disputed.

29.     In the correspondence dated January 30, 2016, sent by Plaintiff to Defendant, Plaintiff stated that the Debt was paid in full.

30.     In the correspondence dated January 30, 2016, sent by Plaintiff to Defendant, Plaintiff requested that Defendant provide Plaintiff with documentation to validate the Debt.

31.     Defendant had received a copy of Plaintiff's correspondence, dated January 30, 2016.

32.     On or about March 10, 2016, Defendant responded to Plaintiff acknowledging that Plaintiff disputed the debt and provided documentation that Defendant claimed validated the debt.

33.     Enclosed within the correspondence sent on March 10, 2016, from Defendant to Plaintiff was a one page document purportedly from Student Loan Xpress and purportedly containing Plaintiff's signature.  However, said document did not reflect the amount of the loan actually made to Plaintiff and did not reflect the interest rate, or that any interest, would be charged.

34.     Defendant's correspondence to Plaintiff sent on March 10, 2016, did not validate the debt of $2,041.98 and did not provide any information relative to Plaintiff's dispute.

35.     Defendant's correspondence to Plaintiff sent on March 10, 2016, further stated that after reviewing the enclosed documentation, Plaintiff should forward a letter to Defendant's office informing them of which of 4 options Plaintiff chooses relative to the debt, including disputing the balance, disputing due to fraud, disputing a portion of the debt, or agree with the debt and pay.

36.     In its attempts to collect the debt allegedly owed by Plaintiff to FCDB NPSL 2010-1, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a.  Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   b.  Continued to attempt collection of the debt allegedly owed by the consumer despite having failed to mail to the consumer verification of the debt by the original creditor or the name and address of the original creditor in response to receiving a timely written notification from the consumer that the debt was disputed or notification that the consumer requests the name and address of the original creditor in violation of 15 U.S.C. §1692g(b);

   c.  Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

37.     As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V.     JURY DEMAND

38.     Plaintiff hereby demands a trial by jury on all issues so triable.

## VI.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, MATTHEW MAYBERRY, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a.   All actual compensatory damages suffered;

b.   Statutory damages of $1,000.00;

c.   Plaintiff's attorneys' fees and costs;

d.   Any other relief deemed appropriate by this Honorable Court.

**ANDERSON BANTA CLARKSON PLLC**

By  /s Adam C. Anderson_____
        Adam C. Anderson
        48 North MacDonald Street
        Mesa, AZ  85201
        Attorney for Plaintiff